1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

TAYLOR S.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 3:24-cv-05276-BAT

**ORDER AFFIRMING THE
COMMISSIONER AND DISMISSING
THE CASE**

13      Plaintiff Taylor S. seeks review of the denial of his application for Disability Insurance

14 Benefits, arguing the ALJ erred in finding the opinion of Donald Bright, MD., unpersuasive. Dkt.

15 7. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with

16 prejudice.

17                                  **BACKGROUND**

18      Plaintiff is currently 36 years old, has at least a high school education, and has worked as

19 an architectural drafter and construction project manager. Tr. 32. He applied for benefits in

20 March 2021, alleging disability as of June 2018. Tr. 217. After his applications were denied

21 initially and on reconsideration, the ALJ conducted a hearing and, in August 2023, issued a

22 decision finding plaintiff not disabled. Tr. 17-34. The Appeals Council denied plaintiff's request

23 for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 1

1

**THE ALJ'S DECISION**

2      Utilizing the five-step disability evaluation process,[1] the ALJ found plaintiff had not

3   engaged in substantial gainful activity since the alleged onset date; he had the following severe

4   impairments: tinnitus, post-traumatic stress disorder, depressive disorder, status-post right wrist

5   fracture, migraine headaches, status-post right PCL tear, cervical spine degenerative joint

6   disease, lumbar spine degenerative joint disease with radiculopathy, and obesity; and these

7   impairments did not meet or equal the requirements of a listed impairment. Tr. 19-20. The ALJ

8   found that plaintiff had the residual functional capacity to perform light work with additional

9   exertional and non-exertional limitations, including that he was incapable of working in an

10  environment with lighting brighter than that found in a typical office, retail, or factory setting or

11  in an environment with flashing lights such as strobe lighting. Tr. 24-25. The ALJ found plaintiff

12  could not perform his past work, but as there are jobs that exist in significant numbers in the

13  national economy that plaintiff can perform, he is not disabled. Tr. 31-33.

14

**DISCUSSION**

15      The Court may reverse the ALJ's decision only if it is not supported by substantial

16  evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

17  *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed if the ALJ

18  committed harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor

19  substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

20  (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the

21  Court must uphold the Commissioner's interpretation. *Id*.

22

23

---

[1] 20 C.F.R. § 404.1520.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

1  When considering medical opinions, the ALJ considers the persuasiveness of the medical

2 opinion using five factors (supportability, consistency, relationship with claimant, specialization,

3 and other), but supportability and consistency are the two most important factors. 20 C.F.R.

4 § 404.1520c(b)(2), (c). The ALJ must explain in her decision how she considered the factors of

5 supportability and consistency. 20 C.F.R. § 404.1520c(b). The ALJ is not required to explain

6 how she considered the other factors, unless the ALJ finds that two or more medical opinions or

7 prior administrative medical findings about the same issue are both equally well-supported and

8 consistent with the record, but not identical. 20 C.F.R. § 404.1520c(b)(3). An ALJ cannot reject a

9 doctor's opinion as unsupported or inconsistent without providing an explanation supported by

10 substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

11  In January 2018, Dr. Bright completed a medical source statement regarding plaintiff's

12 headaches. Tr. 356-58. He opined, in relevant part,[2] that plaintiff's headaches were associated

13 with increased sensitivity to light and that plaintiff's condition was "significantly worsened

14 through computer screen, fluorescent light, sunlight." Tr. 357-58.

15  The ALJ found Dr. Bright's opinion to be minimally persuasive. Tr. 29. The ALJ noted

16 that Dr. Bright gave his opinion before plaintiff began taking Aimovig in January 2019, after

17 which plaintiff consistently reported a reduction in incapacitating migraines, including his

18 hearing testimony that he continued to have approximately one incapacitating migraine per

19 week. *Id.* The ALJ found that while Dr. Bright's opinion may have been accurate in early 2018,

20 plaintiff's migraines were in better control within six months of his alleged onset date when he

21 began Aimovig injections. *Id.* The ALJ also found that plaintiff's activities of daily living,

22

23

---

[2] Plaintiff does not challenge the ALJ's assessment of the other opinions Dr. Bright expressed in his medical source statement. Dkt. 7 at 2 n.1.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

1    hobbies, and neurological checkups were inconsistent with Dr. Bright's opinion. *Id.* The ALJ

2    concluded that the record was consistent with a finding that plaintiff could not work in a setting

3    with lighting brighter than that found in a typical office, retail, or factory setting or in an

4    environment with flashing lights, but it was not consistent with a finding that he was incapable of

5    working around sunlight, computers, or any kind of fluorescent light. Tr. 29-30.

6        Plaintiff argues that none of the reasons the ALJ gave for finding Dr. Bright's opinion

7    unpersuasive are valid. Dkt. 7 at 3. He first argues that the environmental restriction was

8    designed to minimize plaintiff's exposure to aggravating conditions, and thus the ALJ's reliance

9    on decreased frequency of migraines does not address the reason for the restriction. *Id.* However,

10   the ALJ could reasonably conclude that nature of plaintiff's migraine condition changed after he

11   began taking an effective medication, such that an opinion based on the nature and severity of his

12   migraines without that medication was no longer supported by or consistent with the evidence.

13   The ALJ was not required to accept an opinion about environmental restrictions from a period of

14   time before plaintiff began an effective treatment for his migraines. This was a valid reason,

15   supported by substantial evidence, for finding the opinion not persuasive.

16       With respect to plaintiff's daily activities and hobbies, plaintiff argues that the ALJ

17   mischaracterized his reports of involvement with these activities because plaintiff reported that

18   he needed rest breaks or was unable to complete these activities due to his migraines. Dkt. 7 at 3-

19   4. The ALJ noted plaintiff's reports that he performed household chores such as vacuuming, yard

20   work, and laundry, and engaged in hobbies such as woodworking, hiking, using a computer,

21   camping, watching TV, and volunteering with his son's scout troop. Tr. 30. The ALJ did not find

22   that plaintiff could engage in these activities without breaks or without stopping before

23   completing them. Rather, the ALJ noted that by his own reports, plaintiff engaged in activities

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 4

that, by their very nature, involve exposure to screens or sunlight. The ALJ could reasonably conclude that this is inconsistent with Dr. Bright's restriction, which would preclude plaintiff from performing a number these activities at all. This was a valid reason, supported by substantial evidence, for finding the opinion not persuasive.

Plaintiff also asserts the ALJ fails to explain why these activities are inconsistent with Dr. Bright's environmental limitations. Dkt. 7 at 4. However, many of these activities, including yardwork, hiking, camping, using a computer, and watching TV, involve exposure to sunlight or to screens. The ALJ did not mischaracterize plaintiff's activities or err in finding that plaintiff's ability to engage in them was inconsistent with a restriction precluding plaintiff from any exposure to these types of light.

With respect to plaintiff's neurological exams, plaintiff argues that nothing in the ALJ's summary of these exams calls into question Dr. Bright's opinion regarding exposure to computer screens or fluorescent lighting in the workplace. Dkt. 7 at 4. The ALJ noted an unremarkable CT scan in October 2017 and treatment notes documenting plaintiff's response to treatment for his migraines. Tr. 27. However, the ALJ failed to make any connection between these examination findings and Dr. Bright's opinion. Without more, this conclusory assertion fails to provide substantial evidence to support the ALJ's assessment of the opinion. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (ALJ must do more than offer her conclusions; she must also explain why her interpretation, rather than the treating doctor's interpretation, is correct). However, because the ALJ gave other, valid reasons for finding the opinion not persuasive, this omission was harmless. *See Molina*, 674 F.3d at 1122 (an error is harmless where it is inconsequential to the ALJ's ultimate nondisability determination).

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 5

1      Plaintiff further asserts that Dr. Bright did not change his environmental restrictions

2   despite acknowledging that Aimovig was the best medication plaintiff had tried with a fair to

3   good response. Dkt. 7 at 4. He cites to a December 2022 treatment note where Dr. Bright noted

4   the effectiveness of the Aimovig along with an assessment that plaintiff should continue taking

5   it. Tr. 909. However, this treatment note did not address workplace environmental restrictions,

6   but instead assessed the effectiveness of plaintiff's medications. Nothing in this note undermines

7   the ALJ's assessment of the January 2018 opinion.

8      The Court finds that the ALJ gave valid explanations, supported by substantial evidence,

9   for finding Dr. Bright's opinion on environmental restrictions not persuasive. Plaintiff has not

10  established that the ALJ's assessment of Dr. Bright's opinion was unsupported by substantial

11  evidence or based on harmful legal error.

**CONCLUSION**

13     The Court finds that plaintiff has failed to establish that the ALJ's decision was

14  unsupported by substantial evidence or based on legal error. Accordingly, the Commissioner's

15  decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

16     DATED this 16th day of August, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 6